IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN JOSHUA DINKLE, #309 785, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-22-WHA |
| | ) | [WO] |
| SHERIFF WALLY OLSEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed the above-captioned action on January 11, 2018. Plaintiff, however, did not file the $350 filing fee and $50 administrative fee necessary when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Consequently, the court did not have the information necessary to determine whether Plaintiff should be allowed to proceed *in forma pauperis* and, therefore, entered an order on January 16, 2018, requiring that Plaintiff provide the court with the requisite information by January 30, 2018. Doc. 2. Although Plaintiff submitted a request for leave to proceed *in forma pauperis* on February 2, 2018, the inmate account statement submitted in support of his request for *in forma pauperis* status was not fully legible. Accordingly, on February 5, 2018, the court granted Plaintiff fifteen days to submit a fully legible copy of his inmate account statement from the account clerk at the Bibb Correctional Facility. Doc. 4. Plaintiff was cautioned that his failure to comply with the February 5 order would result in a Recommendation that his complaint be dismissed. *Id.*

As of the present date, Plaintiff has filed nothing in response to the February 5, 2018, order. The court, therefore, concludes this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835,

837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff. Plaintiff may file any objection to this Recommendation on or before **April 12, 2018**. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 29th day of March, 2018.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge